■ In the Matter of PATRICIA ANN MURGOLO, Also Known as PATRICIA M. MURGOLO, Deceased. PATRICIA BROE, Appellant; MANUEL MURGOLO et al., Respondents. [909 NYS2d 922]—

In a probate proceeding, in which the executor petitioned for the judicial settlement of her account of the decedent's estate, the executor appeals from so much of a decree of the Surrogate's Court, Kings County (Lopez-Torres, S.), dated August 20, 2009, as, upon a decision of the same court dated July 15, 2009, made after a nonjury trial, inter alia, directed her to convey title to the decedent's home to herself and the objectants in three equal shares.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the appellant personally.

The decedent died on November 8, 2004, survived by two daughters and a son. Her July 16, 2001, will, which was admitted to probate, appointed her daughter Patricia (hereinafter the appellant) as the executor of the estate and left the estate in three equal shares to the decedent's three children.

Prior to her death, the decedent and her husband, as grantors (hereinafter the grantors), conveyed their home to the appellant in a written "Power of Appointment—Life Estate Agreement Trust Acknowledgment" (hereinafter the Agreement), which the appellant executed as grantee. The Agreement provided that the conveyance was subject to the decedent's life estate in the property and the grantors' exercise of a power of appointment, which the grantors exercised in favor of the appellant and her two siblings (hereinafter the objectants) in three equal shares. The Agreement also contained the appellant's acknowledgment that she held the property in trust for the benefit of herself and the objectants.

The objectants obtained an order dated July 20, 2006, directing the appellant to account in her capacity as the executor of the decedent's estate. After the appellant filed her account, the objectants filed objections which, inter alia, sought an order

directing the appellant to transfer the remainder interest in their mother's home to the appellant and the objectants in three equal shares based on the terms of the Agreement.

After a nonjury trial, the Surrogate found, inter alia, that the evidence clearly established the decedent's intention for the appellant to hold the decedent's home in trust for the appellant and her siblings, subject to the decedent's life estate.

The appellant's contention that title to the decedent's home should remain in her name because the grantors' exercise of the power of appointment was ineffective is without merit. While the Agreement referred to the exercise of the power of appointment to change or alter the remaindermen by a duly acknowledged written instrument which contained a specific reference to the Agreement, this provision clearly pertained to a power of appointment made subsequent to the initial appointment, which the grantors effected in the Agreement. We also note that the appellant failed to elicit any testimony from the attorney-drafter of the Agreement to support her assertion.

The appellant's remaining contentions are either without merit or not properly before this Court (see CPLR 5515 [1]). Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.